RECEIVED
USDC CLERK, CHARLESTON, SC

2005 JUN 13  P 12: 40

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Geoffrey R. Payne, #227148, | ) | C. A. No. 2:04-23351-TLW-RSC |
| | ) | |
| Petitioner | ) | |
| | ) | |
| -versus- | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Colie Rushton, Warden of the | ) | |
| McCormick Correctionanl | ) | |
| Institution; Jon Ozmint, | ) | |
| Director of the South Carolina | ) | |
| Department of Corrections; and | ) | |
| Henry McMaster, Attorney | ) | |
| General for South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |

This habeas corpus petition under 28 U.S.C. § 2254 filed by a state prisoner is before the undersigned United States Magistrate Judge for a report and recommendation on the respondents' summary judgment motion filed on March 25, 2005. 28 U.S.C. § 636(b).

**PROCEDURAL HISTORY**

The petitioner, Geoffrey R. Payne, is presently confined in the McCormick Correctional Institution of the South Carolina Department of Corrections (SCDC) pursuant to commitment orders from the McCormick County Clerk of Court. The McCormick County Grand Jury indicted Petitioner at the January, 1995 term of court in a four count indictment for murder, accessory after the fact to the felony of murder, destruction or desecration of human remains, and criminal conspiracy. (95-GS-35-090). His co-defendants, Joseph Kelsey and Jammie Lynn Lee, were also charged

in connection with the murder. Kelsey was indicted for murder; possession of an article (a pipe bomb) designed to cause damage by fire or other means, accessory after the fact of the felony of murder, destruction or desecration of human remains, and criminal conspiracy. (95-GS-35-089). Lee was charged with accessory after the fact of murder.

On September 15 and 18-22, 1995, Payne and Kelsey were jointly tried by the Honorable Marc H. Westbrook and a jury. Richard J. Breibart, Esquire, and John J. McCauley, Esquire, both of the Lexington County Bar represented Payne and Douglas S. Strickler, of the Richland County Bar, represented Kelsey at trial. App. pp. 1-1727.

The jury convicted Payne of murder and conspiracy, but acquitted him on the remaining charges. Judge Westbrook sentenced him to life for murder and imposed a consecutive five year sentence for conspiracy. The jury found Kelsey guilty of murder, possession of a pipe bomb, and criminal conspiracy. App. pp. 1-1727. Judge Westbrook sentenced Kelsey to life imprisonment for murder and to consecutive sentences of five years imprisonment for both possession of a pipe bomb and criminal conspiracy. App. pp. 1728-33.

A timely Notice of Appeal was served and filed. C. Rauch Wise, Esquire, represented Payne on appeal. April 30, 1997, Petitioner filed a final brief of appellant. He also filed a

Reply Brief that same day. The state filed a Final Brief of Respondent on May 19, 1997. Payne presented three questions on appeal:

> 1. Did the trial court err in failing to change venue of this case when 88% of the jury pool stated on voir dire that they had heard about the case and 38% of the jury panel stated in front of the other jurors that they could not give the defendants a fair trial because of what they had heard about the case?
>
> 2. Did the trial court err in failing to grant a severance when the co-defendants presented antagonistic defenses that caused each defendant to "prosecute" the other?
>
> 3. Did the trial judge err in refusing to allow the cross-examination of Officer Don Choate as to the procedures used in filing for extradition from another state when that testimony would have proven that Joe Kelsey, contrary to his testimony, had access to Payne's statement?

The South Carolina Supreme Court affirmed Payne's conviction and sentence on January 26, 1998. State v. Geoffrey R. Payne, 98-MO-008 (S.C. Sup. Ct., filed Jan. 26, 1998). App. pp. 1755-56. The Supreme Court sent the Remittitur to the Lexington County Clerk of Court on February 12, 1998.

On January 25, 1999, Petitioner filed a Post-Conviction Relief (PCR) Application challenging his convictions and sentence. He alleged the following grounds for relief in his Application:

> 1. Refusal of trial court to grant motion for change of venue.

3

> 2. Refusal of trial court to grant motion for severance.
>
> 3. Ineffective assistance of counsel.

App. pp. 1757-67.  The state made its Return on September 22, 1999.  App. pp. 1768-71.

On September 14, 2000, the Honorable Rodney A. Peeples held a hearing into the matter at the Lexington County Courthouse at which Petitioner was present represented by Eugene Pruitt, Esquire.  Petitioner testified on his own behalf at the hearing, while the state presented the testimony of trial counsel Breibart.  App. pp. 1772-1812.

On November 20, 2000, Judge Peeples filed an Order of Dismissal With Prejudice.  App. pp. 1814-21.  A timely notice of appeal was served and filed.

Assistant Appellate Defender Aileen P. Clare, of the South Carolina Office of Appellate Defense, represented Petitioner in the collateral appellate proceedings.  On August 13, 2001, Clare filed a <u>Johnson</u> Petition for Writ of Certiorari on Petitioner's behalf and moved to be relieved as counsel which presented the following question:

> Was trial counsel ineffective for not objecting to a co-defendant's summation that criticized petitioner's failure to testify?

Petition for Writ of Certiorari at p. 2.  The South Carolina Supreme Court filed an Order on January 24, 2002, in which it

4

denied counsel's petition to be relieved and directed the parties to address the following issues:

> Was petitioner's trial counsel ineffective in failing to object to a comment on petitioner's right to remain silent made by counsel for petitioner's co-defendant?

The parties addressed the issue and the South Carolina Supreme Court filed an Order on May 29, 2002, in which it granted certiorari and directed the parties to file the appendix and briefs in accordance with Rule 227(i), SCACR. Petitioner filed the Brief of Petitioner on June 28, 2002, and the state filed the Brief of Respondent on July 29, 2002. The South Carolina Supreme Court filed a published Opinion on September 22, 2003, affirming the PCR judge's judgment denying relief. Payne v. State, Op. No. 25719, 586 S.E.2d 857 (S.C. 2003). The Court found that counsel's conduct was deficient but concluded that it was non-prejudicial. Id. at 858-59. The South Carolina Supreme Court sent the Remittitur to the McCormick County Clerk of Court on October 8, 2003.

The following documents have been made part of the record here:

> 1. The Appendix to the February 25, 2002, Petition for Writ of Certiorari (4 vols.) (including trial transcript; the January 26, 1998, decision of the state supreme court on direct appeal State v. Geoffrey R. Payne, supra; the PCR Application; the Return; the PCR hearing transcript; the November 20, 2000 Order of Dismissal With Prejudice; two Orders of

Continuance; the McCormick County Clerk of Court's records; and Petitioner's SCDC records);

2. The August 13, 2001, <u>Johnson</u> Petition for Writ of Certiorari;

3. The state supreme court's January 24, 2002, Order denying counsel's petition to be relieved and directing the parties to address the issue of trial counsel's ineffectiveness;

4. The February 25, 2002, Petition for Writ of Certiorari;

5. The Return to Petition for Writ of Certiorari;

6. The May 29, 2002, Order filed by state supreme court, in which it granted certiorari and directed the parties to file the appendix and briefs in accordance with Rule 227(i), SCACR;

7. The Brief of Petitioner filed on June 8, 2002;

8. The Brief of Respondent filed on July 29, 2002;

9. The decision of the state supreme court in <u>Payne v. State</u>, Op. No. 25719, 586 S.E.2d 857 (S.C. 2003);

10. The October 8, 2003 Remittitur;

11. The Final Brief of Appellant from the direct appeal;

12. The Final Brief of Respondent from the direct appeal;

13. Petitioner's Reply Brief; and

14. The February 12, 1998, Remittitur.

## HABEAS ALLEGATIONS

Petitioner raised four allegations in the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254:

> A. Petitioner was denied his Fourteenth and Sixth amendment right to counsel by the ineffective assistance of counsel at trial.
>
>     i. Petitioner's trial counsel did not prepare him for trial and therefore petitioner could not testify at trial.
>
>     ii. Petitioner's trial counsel failed to present exculpatory evidence at trial.
>
>     iii. Petitioner's trial counsel failed to object to co-defendant's counsel's improper comment concerning petitioner's not testifying at trial.
>
>     iv. Petitioner's trial counsel failed to object to the Judge's comments about trial publicity.
>
> B. The Trial Court erred by refusing to grant motion for change of venue in violation of petitioner's Fourteenth and Sixth amendment rights.
>
>     i. 88% of the Jury Panel had heard about the case, 38% of the jury panel stated in front of other jurors that they could not give the defendants a fair trial because of what they had heard about the case.
>
> C. The Trial Court erred by failing to grant a severance of the trial so that petitioner would be tried separately from the co-defendants.
>
>     i. Co-defendants presented antagonistic defenses that prejudiced the petitioner such that he was denied due process and a fair trial in violation of petitioners Fourteenth and Sixth and Fifth amendment rights.

> D. The Trial Court erred by refusing to allow petitioner to cross-examine witness Dan Choate, a violation of his Fourteenth and Sixth and Fifth amendment rights to call and confront witnesses and obtain evidence and right to fair trial and due process.
>
> i. The court barred the petitioner from questioning the witness about information that might have been known by one of the co-defendants who testified at trial. This evidence could have been used to impeach codefendant's testimony.

The respondents filed a summary judgment motion based on the statute of limitations on March 25, 2005. On May 25, 2005, the petitioner filed an opposition to the motion for summary judgment. Hence, it appears consideration of the motion is appropriate.

## DISCUSSION

It appears that the instant petition was not timely filed and must be summarily dismissed on that basis.

The instant habeas corpus petition was filed on December 21, 2004. Accordingly, the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") apply to this case. Lindh v. Murphy, 117 S.Ct. 2059 (1997). Under the AEDPA, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved in unreasonable application of" clearly established federal law as decided by the United States Supreme Court, or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in

the state court proceedings." 28 U.S.C. § 2254(d). State court factual findings are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

However, the AEDPA provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period begins to run "the date on which the judgement became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled during the pendency of a properly filed collateral attack on the subject conviction. 28 U.S.C. § 2254(d)(2). Here, the petition comes too late.

Petitioner's conviction became final by the conclusion of direct review on April 27, 1998, ninety (90) days after January 26, 1998, the date on which the South Carolina Supreme Court issued its opinion affirming Petitioner's convictions and sentences. See, Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (direct review concludes at expiration of time for seeking certiorari from United States Supreme Court); U.S. Sup. Ct. R. 13(1) (time for filing petition for certiorari with United States Supreme Court is 90 days). Thereafter, the petitioner had one year to file his federal habeas corpus action unless the period

9

was at any time tolled.  See, e.g., Hernandez v. Caldwell, 225 F.3d 435 (4th Cir. 2000); Harris, supra; Brown v. Angelone, 150 F.3d 370 (4th Cir. 1998).

Petitioner did not file his APCR until January 25, 1999, so approximately two hundred and seventy three (273) days of non-tolled time ran after the period of limitations began.  The period of limitations was tolled during the pendency of the APCR until no later than October 8, 2003, when the South Carolina Supreme Court issued the remittitur following the denial of certiorari review on the APCR Order of Dismissal.  See, e.g., Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999) (tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's highest court of a collateral action); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (running clock from when state appellate court denied leave to appeal denial of state post-conviction petition).

The delivery date for the present habeas petition was December 21, 2004, so yet another four hundred forty (440) days of non-tolled time accrued after the disposition of his APCR on October 8, 2003.  When the time before and the time after the APCR time periods are added, there were seven hundred thirteen (713) days of non-tolled time since petitioner's period of limitations began to run on April 27, 1998.  This petition comes three hundred forty eight (348) days past the running of the one

10

year AEDPA statute of limitations and must be dismissed on that basis.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the petition herein be dismissed in its entirety as untimely and this matter ended.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

June __13__, 2005

11

Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
&
The **Serious Consequences** of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**
