RECEIVED
USDC CLERK, CHARLESTON, SC

2006 FEB 13  A 11: 31

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Geoffrey R. Payne, #227148, | C. A. No. 2:04-23351-TLW-RSC |
| Petitioner | |
| -versus- | **AMENDED**<br>**REPORT AND RECOMMENDATION** |
| Colie Rushton, Warden of the McCormick Correctional Institution; Jon Ozmint, Director of the South Carolina Department of Corrections; and Henry McMaster, Attorney General for South Carolina, | |
| Respondents. | |

This habeas corpus petition under 28 U.S.C. § 2254 filed by a state prisoner is before the undersigned United States Magistrate Judge on remand from United States District Judge Terry L. Wooten for "an Amended Report and Recommendation which addresses the petitioner's claim of equitable tolling." Order, January 12, 2006, (Doc. # 17). Both parties were given 15 days to file documents relating to the claim of equitable tolling. Only the Respondent has filed anything.

On June 13, 2005, a Report and Recommendation[1] was entered which provided in pertinent part:

> The instant habeas corpus petition was filed on December 21, 2004. Accordingly, the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") apply to this case. Lindh v. Murphy, 117 S.Ct. 2059 (1997). Under the AEDPA, claims adjudicated on the merits in a state court

---

[1] The previous report and recommendation is incorporated herein by reference.

proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved in unreasonable application of" clearly established federal law as decided by the United States Supreme Court, or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings."  28 U.S.C. § 2254(d). State court factual findings are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

However, the AEDPA provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  The limitations period begins to run "the date on which the judgement became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  The limitations period is tolled during the pendency of a properly filed collateral attack on the subject conviction.  28 U.S.C. § 2254(d)(2). Here, the petition comes too late.

Petitioner's conviction became final by the conclusion of direct review on April 27, 1998, ninety (90) days after January 26, 1998, the date on which the South Carolina Supreme Court issued its opinion affirming Petitioner's convictions and sentences.  See, Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (direct review concludes at expiration of time for seeking certiorari from United States Supreme Court); U.S. Sup. Ct. R. 13(1) (time for filing petition for certiorari with United States Supreme Court is 90 days). Thereafter, the petitioner had one year to file his federal habeas corpus action unless the period was at any time tolled.  See, e.g., Hernandez v. Caldwell, 225 F.3d 435 (4th Cir. 2000); Harris, supra; Brown v. Angelone, 150 F.3d 370 (4th Cir. 1998).

Petitioner did not file his APCR until January 25, 1999, so approximately two hundred and seventy three (273) days of non-tolled time ran after the period of limitations began.  The period of limitations was tolled during the pendency of the APCR until no later than October 8, 2003, when the South Carolina Supreme Court issued the remittitur following the denial of certiorari

>   review on the APCR Order of Dismissal. See, e.g., Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999) (tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's highest court of a collateral action); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (running clock from when state appellate court denied leave to appeal denial of state post-conviction petition).
>   The delivery date for the present habeas petition was December 21, 2004, so yet another four hundred forty (440) days of non-tolled time accrued after the disposition of his APCR on October 8, 2003. When the time before and the time after the APCR time periods are added, there were seven hundred thirteen (713) days of non-tolled time since petitioner's period of limitations began to run on April 27, 1998. This petition comes three hundred forty eight (348) days past the running of the one year AEDPA statute of limitations and must be dismissed on that basis.

Report and Recommendation (Doc #14).

The Petitioner filed an objection to the Report and Recommendation asserting, "Petition for Habeas Corpus was filed timely as the petitioner's conviction occurred prior to the adoption of the AEDPA." Petitioner's Objections (Doc. #15). Subsequently the Petitioner moved to amend his objections to assert equitable tolling of the AEDPA statute because his attorney allegedly failed to advise him concerning the AEDPA deadlines and the prison law library did not have current references concerning the AEDPA deadlines. (Doc. #16).

The Respondent did not oppose the motion to amend and the motion was granted without opposition. Remand of this matter followed. Accordingly the issue before the court is whether the grounds alleged by the Petitioner are sufficient to merit

equitable tolling of the AEDPA deadlines.

The Respondents filed a brief on that issue on January 27, 2006. The Petitioner has filed nothing further.

## DISCUSSION

The United States Supreme Court has never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations. Cf. Pliler v. Ford, 542 U.S. 225, 124 S.Ct. 2441, 159 L.Ed.2d 338 (2004). However, when faced with a case in which the Respondent assumed that equitable tolling might apply and in which the terms of equitable tolling clearly were not met, the court sidestepped the question and addressed the merits of equitable tolling. Pace v. DiGuglielmo,125 S.Ct. 1807, (2005). In that case, decide in April 2005, the court held, "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. See, e.g., Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990)." Pace v. DiGuglielmo,125 S.Ct. 1807, 1814.

The Fourth Circuit Court of Appeals while holding that the AEDPA statute of limitations is subject to equitable tolling, Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000), applied in 2003 the same strict test as that outlined by the Supreme Court.

> As we held in Harris, however, rarely will circumstances warrant equitable tolling:

> "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result."
>
> Id. Principles of equitable tolling do not extend to garden variety claims of excusable neglect. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received, and petitioner filed within 30 days of the date he personally received notice). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.' " Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir.2001) (quoting Harris, 209 F.3d at 330). Accordingly, under our existing "extraordinary circumstances" test, Rouse is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.

Rouse v. Lee, 339 F.3d 238, 246 (2003).

Here the undisputed facts clearly show the Petitioner was not diligently pursuing his rights and that there were no extraordinary facts which stood in his way.

First, this petition comes to this court three hundred forty-eight (348) days past the running of the one year AEDPA statute of limitations. The Petitioner waited approximately 273

days before seeking state post conviction relief, and then after the state post conviction relief decision became final he waited approximately 440 more days before seeking relief in this court. That is almost two years of total time that elapsed during which the petitioner did not pursue his rights. As the Supreme Court noted in Pace,

> Had petitioner advanced his claims within a reasonable time of their availability, he would not now be facing any time problem, state or federal. And not only did petitioner sit on his rights for years before he filed his PCRA petition, but he also sat on them for five more months after his PCRA proceedings became final before deciding to seek relief in federal court. See, id., at 372, 373. Under long-established principles, petitioner's lack of diligence precludes equity's operation. See, Irwin v. Department of Veterans Affairs, supra, at 96, 111 S.Ct. 453; McQuiddy v. Ware, 20 Wall. 14, 19, 22 L.Ed. 311 (1874) ("Equity always refuses to interfere where there has been gross laches in the prosecution of rights").

Pace v. DiGuglielmo, 125 S.Ct. 1807, 1815 (footnote omitted).

Second, the reasons the Petitioner alleges for not filing his petition in this court in a timely manner are that he was not fully advised of the AEDPA time limits by his attorney and that the prison library did not have current literature on the AEDPA time periods. While those may be reasons why he did not know the exact parameters of the AEDPA deadlines, they did not prevent him from filing his petition in this court, much less constitute "extraordinary circumstances" standing in his way.

Equity should not be exercised to save an individual from his own failure to act or be based upon excuses which are little

more than attempts to shift blame for the failure to act rather than to explain an unfairness external to the individual's acts.

As the Fourth Circuit has noted, "[t]o apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result."

Accordingly, it is recommended that the court refuse to apply equitable tolling in this instance.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

February 13, 2005

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The **Serious Consequences** of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**