IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| GEOFFREY R. PAYNE, #227148 | ) | C.A. No. 2:04-23351-TLW-RSC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| COLIE RUSHTON, Warden of the McCormick Correctional Institution; JON OZMINT, Director of the South Carolina Department of Corrections; and HENRY MCMASTER, Attorney General of South Carolina, | ) ) ) ) ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

The petitioner, an inmate at the South Carolina Department of Corrections, seeks *habeas corpus* relief under Title 28, United States Code, Section 2254. (Doc. # 1). The respondents filed a return and motion for summary judgment on March 25, 2005. (Doc. # 10). After being given an extension to file his response to summary judgment (Docs. #11, #12), the petitioner filed his response on May 25, 2005. (Doc. # 13).

This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Robert S. Carr, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.). In his Report and Recommendation filed June 13, 2005, Judge Carr recommended that the petition be dismissed. (Doc. # 14). The petitioner filed objections to the Report on June 24, 2005 (Docs. # 15) and on July 21, 2005, the petitioner moved to amend Judge Carr's Report and Recommendation. (Doc. #16). The undersigned granted the Motion to Amend (Doc. #17) and Judge Carr submitted

1

an Amended Report on February 13, 2006 recommending that the petitioner's claim for equitable tolling be denied. The petitioner filed final objections on February 27, 2006. (Doc. #21).

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court has reviewed, <u>de novo</u>, the Magistrate's Report and the petitioner's objections. The petitioner argues that his one year statute of limitations to file a habeas petition did not start running until ninety days after October 8, 2003, the date that the South Carolina Supreme Court issued a Remittitur in the petitioner's final PCR case. The Court concludes otherwise.

Based on the plain language of the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner has a one year statute of limitations to file a habeas corpus petition. 28 U.S.C. §2244 (d)(1). However, the statute of limitations begins to run, "upon conclusion of direct review of the judgment of conviction." <u>Harris v. Hutchinson</u>, 209 F. 3d 325 (4th Cir. 2000). The petitioner's time limit began running on April 27, 1998, ninety (90) days after the South Carolina Supreme Court issued its opinions affirming the petitioner's convictions and sentences. The time limit was tolled during consideration of the petitioner's PCR actions. Nevertheless, the petitioner allowed, as concluded by the magistrate judge, a total of seven hundred thirteen (713) days of non-tolled time

2

to accrue before he filed the present habeas petition. The Court finds that the habeas petition is untimely; accordingly, the Court accepts Magistrate Carr's Report regarding this issue.

The Court also notes that the petitioner's failure to file a timely habeas petition does not meet the standard required to establish equitable tolling. The petitioner has not proven that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way. Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). Consequently, the Court accepts Magistrate Carr's Amended Report on this issue.

**THEREFORE, IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Amended Report are **ACCEPTED** (Docs. #14, #20), petitioner's objections are **OVERRULED** (Doc. # 21); and this petition is **DISMISSED**.

**IT IS SO ORDERED.**

                                                S/ Terry L. Wooten
                                                **TERRY L. WOOTEN**
                                                **UNITED STATES DISTRICT JUDGE**

March 17, 2006
Florence, South Carolina